UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| MICHAEL AND APRIL COFFMAN, | CASE NO. 3:20-cv-325 |
| Plaintiff, | |
| v. | **COMPLAINT AND TRIAL BY JURY DEMAND** |
| ALLY FINANCIAL, INC AND JOHN DOES I-X, | |
| Defendants. | |

## NATURE OF ACTION

1.      Plaintiffs,  Michael and April Coffman ("the Coffmans") bring this action against Defendants Ally Financial, Inc. ("Ally") and John Does I-X ("Does I-X") (collectively, "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, as well as the Uniform Commercial Code ("UCC"), Fla. Stat. § 679.101 *et seq.*

## JURISDICTION AND VENUE

2.      This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Coffmans' action occurred in this district, where the Coffmans reside in this district, and where Defendants transact business in this district.

## THE FAIR DEBT COLLECTION PRACTICES ACT

4.      Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5. "Repossession companies are ordinarily beyond the scope of the FDCPA. The exception to this general rule is set forth in section 1692f(6)." *Mkhitaryan v. U.S. Bancorp*, No. 2:11-CV-1055 JCM CWH, 2012 WL 6204840, at *3 (D. Nev. Dec. 12, 2012) (quoting *Clark v. Auto Recovery Bureau Conn., Inc.*, 889 F. Supp. 543, 546 (D. Conn. 1994)).

6. Section 1692f(6) prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if—(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6).

7. "In order to determine whether the secured party had a 'present right' to possession of the collateral, the court must look to state law regarding security interest." *Mkhitaryan*, 2012 WL 6204840, at *4 (quoting *Pflueger v. Auto Fin. Grp., Inc.*, No. CV-97-9499 CAS(CTX), 1999 WL 33740813, at *5 (C.D. Cal. Apr. 26, 1999)).

8. Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." Fla. Stat § 679.609(2)(b).

9. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. Fla. Stat. § 679.609(2)(a).

10. A repossession agent breaches the peace if it takes property over the protest of a debtor or his family. *See Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989).

11. Moreover, a repossession agent breaches the peace if it damages a debtor's property during a repossession, and creditors are liable for any damage negligently done to collateral during

a repossession.  *Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1024 (Fla. Dist. Ct. App. 1981).

## THE UNIFORM COMMERCIAL CODE

12.     The UCC specifically mandates that a "creditor may not breach the peace during self-help repossession." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 718 (M.D. Fla. 1997); *see also Quest v. Barnett Bank of Pensacola*, 397 So. 2d 1020, 1023 (Fla. Dist. Ct. App. 1981) ("This statute has been construed as providing a creditor a very limited right of possession.").

13.     "The statute makes it clear that a creditor runs the risk of serious liability if he proceeds with a self-help repossession when there is a serious objection by the debtor." *In re 53 Foot Trawler Pegasus*, No. 608-CV-117-ORL-18DAB, 2008 WL 4938345, at *5 (M.D. Fla. Nov. 18, 2008).

14.     "Consent must be freely given to enter the property of a debtor in order to repossess; the debtor may revoke the right to self-help repossession by objecting to the repossession." *Id.* at *4.

## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

15.     Like the FDCPA, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010).

16.     "The FCCPA is to be construed in a manner that is protective of the consumer." *Laughlin v. Household Bank, Ltd.*, 969 So. 2d 509, 512 (Fla. 1st Dist. App. 2007).  With this in mind, the FCCPA is meant to be read, "in addition to the requirements and regulations of [the FDCPA]." Fla. Stat. § 559.552.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more

protective of the consumer or debtor shall prevail." *Id.*

17.     The FCCPA provides that "[i]n collecting consumer debts, no person shall…[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. § 559.72(9).

18.     "To establish a violation under the [FCCPA], Florida Statute Section 559.72(9), it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Pollock v. Bay Area Credit Serv.*, LLC, 08-61101-CIV, 2009 WL 2475167, at *9 (S.D. Fla. Aug. 13, 2009).

19.     In addition to actual and statutory damages, the FCCPA also provides for punitive damages.  "It clearly appears to have been the intent of the Legislature to provide a remedy for a class of injury where damages are difficult to prove and at the same time provide a penalty to dissuade parties . . . from engaging in collection practices which may have been heretofore tolerated industry wide." *Laughlin*, 969 So. 2d at 513 (quoting *Harris*, 338 So. 2d at 200).

## PARTIES

20.     The Coffmans are natural persons who at all relevant times resided in Jacksonville, Florida.

21.     Michael Coffman is a natural person allegedly obligated to pay a debt asserted to be owed or due to Ally.

22.     Mr. Coffman's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal automobile loan (the "Debt").

23.     Mr. Coffman is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24.    Mr. Coffman is a "consumer" as defined by Fla. Stat. § 559.55(8).

25.    Mr. Coffman is a "consumer debtor" as defined by Fla. Stat. § 679.1021(v)

26.    Ally is a Delaware Corporation engaged in the financing of automobiles in the state of Florida.

27.    Ally is a "secured party" as defined by Fla. Stat. § 679.1021(ttt).

28.    Ally is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Mr. Coffman, as defined by Fla. Stat. § 559.55(6).

29.    Ally is a "debt collector" as defined by Fla. Stat. § 559.55(7).

30.    Does I-X are persons or entities that at all relevant times were acting as repossession agents working at the behest of Ally.

31.    Plaintiffs are ignorant of the true names and/or capacities, whether individual, partnership, limited partnership, corporate, or otherwise, of the defendants sued herein as Does I-X, and therefore sues such defendants by such fictitious names until such times as their true names and/or capacities are ascertained.

32.    At all relevant times, Does I-X were entities or persons using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

33.    Does I-X are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

34.    Does I-X are "debt collectors" as defined by Fla. Stat. § 559.55(7).

**FACTUAL ALLEGATIONS**

35.    In June of 2017, Mr. Coffman purchased a 2016 Chrysler Town and Country (the "Vehicle") from non-party Off-Lease Only.

36.     Mr. Coffman purchased the Vehicle on credit.

37.     In connection with the transaction, Mr. Coffman executed a Retail Installment Sales Contract with which was subsequently assigned to Ally.

38.     As part of the transaction, Ally obtained a security interest in the Vehicle.

39.     The Vehicle constitutes "collateral" as defined by Fla. Stat. § 679.1021(1)(*l*).

40.     Mr. Coffman purchased and used the Vehicle for his own personal, family, and household use.

41.     The Vehicle constitutes "consumer goods" as defined by Fla. Stat. § 679.1021(1)(w).

42.     On or before August 9, 2019, Ally hired Does I-X to repossess the Vehicle.

43.     Thereafter Does I-X set to terrorizing Ms. Coffman and her children.

44.     On August 9, 2019, Ms. Coffman went back to school shopping with her children at a local Walmart.

45.     Upon her return to her house, she observed a vehicle, driven by Does I-X's employee parked in the middle of her driveway.

46.     While Does I-X's employee was a large and intimidating man, Ms. Coffman, believed he was a friend of her husband's, so she directed her daughter ask him to move.

47.     Does I-X's employee responded that he was there to repossess the vehicle and that a truck was on its way.

48.     Ms. Coffman's daughter panicked and ran inside the house.

49.     Ms. Coffman protested the repossession and left the scene.

50.     Thereafter, Does I-X's employee began stalking Ms. Coffman.

51.     She parked at a nearby Lowes store to collect her thoughts and call her husband (who was out of town at that time).

52.     Does I-X's employee followed her there jumped out of his vehicle and confronted her.

53.     Ms. Coffman, terrified, fled the scene and went to a nearby Catholic Church.

54.     Does I-X's employee followed her there and again confronted her.

55.     Ms. Coffman fled the scene, and Does I-X continued their efforts to confront Ms. Coffman.

56.     Does I-X began a vehicle pursuit and drove recklessly and forced Ms. Coffman to do likewise.

57.     Eventually Does I-X's employee gave up and drove to Ms. Coffman's home to wait for her.

58.     Upon his arrival, he confronted Ms. Coffman's thirteen year old daughter and advised her that he had beaten her mother home, and that if the Vehicle was not turned over, he would follow the children to school and embarrass them.  He further advised he would force Ms. Coffman out of the Vehicle upon her arrival.

59.     Ms. Coffman's thirteen year-old daughter, alone and confronted by a large and menacing man, was terrified and hid inside the house.

60.     Does I-X's employee waited outside the house and continued yelling at Ms. Coffman's thirteen year-old daughter.

61.     Eventually Does I-X's employee departed the scene.

62.     Later, Ms. Coffman arrived at her home and parked the Vehicle in her garage.

63.     Thereafter, Does I-X's employee returned to Ms. Coffman's home and again attempted to confront her.  He banged on her door and screamed that he was going to embarrass her children and humiliate her in front of her neighbors if the Vehicle was not turned over.

64.     The next day, on August 10, 2019, Does I-X continued their efforts.

65.     Their employee waited in Plaintiff's driveway, and followed Ms. Coffman through her neighborhood, trying to cut her off.

66.     When Ms. Coffman stopped at a stoplight, Does I-X's employee got out of his vehicle and approached the stopped vehicle.

67.     Ms. Coffman was terrified. She believed that Does I-X's employee intended to make good his threat to pull her out of her vehicle and humiliate her in front of her neighbors.

68.     However, instead of pulling Ms. Coffman out of the vehicle, Does I-X's employee placed a tracking device on Ms. Coffman's vehicle.

69.     Does I-X's employee, a large and intimidating man, chased Ms. Coffman and her daughter all around Jacksonville on interstate 295, while blocking traffic, holding up signs, and flipping Ms. Coffman and her daughter off.

70.     Eventually, Ms. Coffman eluded Does I-X's employee and stopped for gas.

71.     Does I-X's employee's conduct endangered Ms. Coffman and the public at large.

72.     Does I-X's employee's conduct terrified Ms. Coffman and her daughters.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692f(6)(A)**
**DOES I-X**

73.     Florida law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  Fla. Stat § 679.609(2)(b).

74.     A repossession agent breaches the peace if he continues with a repossession over a consumer's protest. *See Marcus v. McCollum,* 394 F.3d 813, 820 (10th Cir. 2004); *Dixon v. Ford*

*Motor Credit Co.*, 72 Ill. App. 3d 983, 988, 391 N.E.2d 493, 497 (1979); *Hollibush v. Ford Motor Credit Co.*, 179 Wis. 2d 799, 812, 508 N.W.2d 449, 455 (Ct. App. 1993) ("We conclude that the undisputed fact is that Hollibush or her fiancé told FMCC's agent that he was not to repossess the vehicle, and that he nonetheless did so. We conclude that this constitutes a breach of the peace."); *Ford Motor Credit Co. v. Cole*, 503 S.W.2d 853, 855 (Tex. Civ. App. 1973), *dismissed* (Apr. 3, 1974) (because consumer protested repossession secured party was forced to either go to court or repossess vehicle at time when the consumer would not notice and protest); *Census Fed. Credit Union v. Wann*, 403 N.E.2d 348, 352 (Ind. Ct. App. 1980) ("[I]f [a] repossession is verbally or otherwise contested at the actual time of and in the immediate vicinity of the attempted repossession by the defaulting party or other person in control of the chattel, the secured party must desist and pursue his remedy in court."); *First & Farmers Bank of Somerset, Inc. v. Henderson*, 763 S.W.2d 137, 140 (Ky. Ct. App. 1988) ("[I]t is clear that repossession in the face of the debtor's objection constitutes a breach of the peace."); *Morris v. First Nat. Bank & Tr. Co. of Ravenna*, 21 Ohio St. 2d 25, 30, 254 N.E.2d 683, 686 (1970); *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 110, 387 S.E.2d 144, 146 (1989) (agreeing with most courts that repossession in the face of a debtor's oral protest constitutes a breach of the peace); *Martin v. Dorn Equip. Co.*, 250 Mont. 422, 427, 821 P.2d 1025, 1028 (1991) (quoting J. Sheldon & R. Sable, *Repossessions,* § 6.3 (1988)) (" '[T]he general rule is that the creditor cannot . . . seize any property over the debtor's objections.' ").

75.     "To avoid a breach of the peace, a recovery agent should retreat from a recovery when there is a confrontation."  Florida Department of Agriculture and Consumer Services, *Recovery Agent Handbook* 8 (2019).

76.     Does I-X breached the peace by:  Continuing their repossession in the face of Ms. Coffman's protest, repeatedly confronting Ms. Coffman in an effort to force her to turn over the Vehicle, recklessly engaging in a motor vehicle pursuit, threatening to harass and embarrass Ms. Coffman and her children if the Vehicle was not turned over.

77.     Once Does I-X breached the peace, they lost the right to continue with their repossession.

78.     Does I-X violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of the Coffmans' property where the property was exempt by law from such dispossession.

WHEREFORE, the Coffmans pray for relief and judgment, as follows:

a)  Adjudging that Does I-X violated 15 U.S.C. § 1692f(6)(A);

b)  Awarding the Coffmans statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding the Coffmans actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding the Coffmans reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding the Coffmans pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF FLA. STAT. § 559.72(8)**
**DOES I-X**

79.     Florida law prohibits any person from "[using] profane, obscene, vulgar, or willfully abusive language in communicating with [a] debtor or any member of her or his family[]" in the course of collecting consumer debts.

80.     Does I-X's employee told Ms. Coffman's daughters that he would follow them to school and embarrass them if the Vehicle was not turned over.

81.     Does I-X's employee told Ms. Coffman that he would humiliate her in front of her neighbors unless she turned the Vehicle over.

82.     Does I-X violated Fla. Stat. § 559.72(8) by using willfully abusive language in communicating with Ms. Coffman and her daughters in the course of collecting consumer debts.

WHEREFORE, the Coffmans pray for relief and judgment, as follows:

a)   Adjudging that Does I-X violated Fla. Stat. § 559.72(8);

b)   Awarding the Coffmans statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)   Awarding the Coffmans actual damages, pursuant to Fla. Stat. § 559.77(2);

d)   Awarding the Coffmans punitive damages, pursuant to Fla. Stat. § 559.77(2);

e)   Awarding the Coffmans such equitable relief as the Court deems necessary or proper, including enjoining Does I-X from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)   Awarding the Coffmans reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g)   Awarding the Coffmans pre-judgment and post-judgment interest as permissible by law; and

h)   Awarding such other and further relief as the Court may deem just and proper.

### COUNT III
### VIOLATION OF FLA. STAT. § 559.72(9)
### DOES I-X

83.     Does I-X had no right to continue with its repossession after Ms. Coffman protested the repossession and the peace was breached, but it attempted to do so anyway.

84.    Does I-X violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

WHEREFORE, the Coffmans pray for relief and judgment, as follows:

a)  Adjudging that Does I-X violated Fla. Stat. § 559.72(9);

b)  Awarding the Coffmans statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

c)  Awarding the Coffmans actual damages, pursuant to Fla. Stat. § 559.77(2);

d)  Awarding the Coffmans punitive damages, pursuant to Fla. Stat. § 559.77(2);

e)  Awarding the Coffmans such equitable relief as the Court deems necessary or proper, including enjoining Does I-X from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

f)  Awarding the Coffmans reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

g)  Awarding the Coffmans pre-judgment and post-judgment interest as permissible by law; and

h)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF FLA. STAT. § 679.609
## ALLY

85.    A secured party violates Fla. Stat. § 679.609 when its repossession agents breach the peace while attempting to repossess collateral.

86.    Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *Sammons v.*

*Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); Fla. Stat. § 697.609 at Official Comment 3; *see also Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *see also DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

87.     Nonetheless, Ally's repossession agents breached the peace by continuing their repossession in the face of Ms. Coffman's protest, repeatedly confronting Ms. Coffman in an effort to force her to turn over the Vehicle, recklessly engaging in a motor vehicle pursuit, and threatening to harass and embarrass Ms. Coffman and her children if the Vehicle was not turned over.

88.     Ally violated Fla. Stat. § 679.609 when its repossession agents breached the peace while attempting to repossess the Vehicle.

WHEREFORE, the Coffmans pray for relief and judgment, as follows:

a) Adjudging that Ally violated Fla. Stat. § 679.609;

b) Awarding the Coffmans statutory damages pursuant to Fla. Stat. § 679.625(3)(b);

c) Awarding the Coffmans actual damages, pursuant to Fla. Stat. § 679.625(2);

d) Awarding the Coffmans pre-judgment and post-judgment interest as permissible by law; and

e) Awarding such other and further relief as the Court may deem proper.

### COUNT V
### VIOLATION OF FLA. STAT. § 559.72(8)
### ALLY

89.     Florida law prohibits any person from "[using] profane, obscene, vulgar, or willfully abusive language in communicating with [a] debtor or any member of her or his family[]" in the course of collecting consumer debts.

90.     Does I-X's employee told Ms. Coffman's daughters that he would follow them to school and embarrass them if the Vehicle was not turned over.

91.     Does I-X's employee told Ms. Coffman that he would humiliate her in front of her neighbors unless she turned the Vehicle over.

92.     Does I-X violated Fla. Stat. § 559.72(8) by using willfully abusive language in communicating with Ms. Coffman and her daughters in the course of collecting consumer debts.

93.     Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); Fla. Stat. § 697.609 at Official Comment 3; *see also Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *see also DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Williamson v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

94.     As the secured party that hired Does I-X, Ally is liable for Does I-X's violation of Fla. Stat. § 559.72(8). Fla. Stat. § 697.609 at Official Comment 3.

WHEREFORE, the Coffmans pray for relief and judgment, as follows:

a)  Adjudging that Does I-X violated Fla. Stat. § 559.72(8);

b)  Adjudging that Ally, as the secured party that hired Does I-X, is liable for Does I-X's violation of Fla. Stat. § 559.72(8);

c)  Awarding the Coffmans statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d)  Awarding the Coffmans actual damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding the Coffmans punitive damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding the Coffmans such equitable relief as the Court deems necessary or proper, including enjoining Does I-X from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

g) Awarding the Coffmans reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

h) Awarding the Coffmans pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI
## VIOLATION OF FLA. STAT. § 559.72(9)
## ALLY

95. Does I-X had no right to continue with its repossession after Ms. Coffman protested the repossession and the peace was breached, but it attempted to do so anyway.

96. Does I-X violated Fla. Stat. § 559.72(9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

97. Secured creditors have a non-delegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *Sammons v. Broward Bank*, 599 So. 2d 1018, 1019 (Fla. Dist. Ct. App. 1992); Fla. Stat. § 697.609 at Official Comment 3; *see also Binion v. Fletcher Jones of Chicago, Ltd.*, 2014 IL App (1st) 131710-U, ¶ 19; *see also DeMary v. Rieker*, 302 N.J. Super. 208, 695 A.2d 294 (App. Div. 1997); *Williamson*

*v. Fowler Toyota, Inc.*, 1998 OK 14, 956 P.2d 858; *Nichols v. Metro. Bank*, 435 N.W.2d 637, 640 (Minn. Ct. App. 1989); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

98. As the secured party that hired Does I-X, Ally is liable for Does I-X's violation of Fla. Stat. § 559.72(9). Fla. Stat. § 697.609 at Official Comment 3.

WHEREFORE, the Coffmans pray for relief and judgment, as follows:

a) Adjudging that Does I-X violated Fla. Stat. § 559.72(9);

b) Adjudging that Ally, as the secured party that hired Does I-X, is liable for Does I-X's violation of Fla. Stat. § 559.72(9);

c) Awarding the Coffmans statutory damages, pursuant to Fla. Stat. § 559.77(2), in the amount of $1,000.00;

d) Awarding the Coffmans actual damages, pursuant to Fla. Stat. § 559.77(2);

e) Awarding the Coffmans punitive damages, pursuant to Fla. Stat. § 559.77(2);

f) Awarding the Coffmans such equitable relief as the Court deems necessary or proper, including enjoining Ally from further violations of the FCCPA, pursuant to Fla. Stat. § 559.77(2);

g) Awarding the Coffmans reasonable attorneys' fees and costs incurred in this action pursuant to Fla. Stat. § 559.77(2);

h) Awarding the Coffmans pre-judgment and post-judgment interest as permissible by law; and

i) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

99. The Coffmans are entitled to and hereby demand a trial by jury.

Dated: March 29, 2020.

Respectfully submitted,

/s/ Alex D. Weisberg
Alex D. Weisberg
FBN: 0566551
Weisberg Consumer Law Group, PA
Attorneys for Plaintiff
5846 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

Correspondence address:
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206